UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AGUIRRE,<br><br>              Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. CV 18-08097-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On September 18, 2018, Jose G. Aguirre ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on January 3, 2019. (Dkt. 14.) On March 9, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 19.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 41 year-old male who applied for Social Security Disability Insurance benefits on May 7, 2014, alleging disability beginning June 3, 2011. (AR 35.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 3, 2011, the alleged onset date. (AR 37.)

Plaintiff's claim was denied initially on August 12, 2014, and on reconsideration on October 31, 2014. (AR 35.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael McKenna on August 18, 2016, in Pasadena, California. (AR 35.) Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter. (AR 35.) Plaintiff was represented by counsel at the hearing. (AR 35.) Vocational expert ("VE") Carmen Roman also appeared and testified at the hearing. (AR 35.)

The ALJ issued an unfavorable decision on October 19, 2016. (AR 35-49.) The Appeals Council denied review on January 5, 2018. (AR 15-17.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ's RFC assessment is supported by substantial evidence and free of legal error.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 3, 2011, the alleged onset date. (AR 37.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar spine; lumbar herniated disc with radiculopathy, status-post lumbar decompression at L5-S1; and post laminectomy syndrome. (AR 37-40.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 40.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b), with the following limitations:

> Claimant can lift and/or carry 25 pounds occasionally and 10 pounds frequently; sit for six hours out of an eight-hour workday with normal breaks; stand and/or walk for six hours in an eight-hour workday; occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; and occasionally stoop, kneel, crouch and crawl.

(AR 41-47.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 41.) Significantly, Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is not able to perform his past relevant work as a scaffold builder. (AR 47.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of laundry worker, night cleaner, and price marker. (AR 47-48.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 49.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence

in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss, 427 F.3d at 1216. If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. <u>Lester</u>, 81 F.3d at 830-31; <u>Morgan</u>, 169 F.3d at 600.

### B. The ALJ Properly Considered The Medical Evidence

Plaintiff sustained a work related back injury in June 2011. (AR 42.) He underwent a lumbar decompression on August 21, 2012. (AR 42.) Plaintiff alleges back pain with radiation to both legs secondary to degenerative disc disease, which limits his ability to work. (AR 41.) He claims his back impairment affects his capacity to lift, squat, bend, stand, walk, or sit for prolonged periods. (AR 41.) He testified he can lift and carry only 5-10 pounds and can stand, walk, and sit up to 30 minutes each. (AR 41.)

The ALJ did find that Plaintiff has the medically determinable severe impairments of degenerative disc disease of the lumbar spine, lumbar herniated disc with radiculopathy, status post-lumbar decomposition, and post-laminectomy syndrome. (AR 37.) Nonetheless, the ALJ assessed Plaintiff with a light work RFC with a lift and carry limitation of 25 pounds and limits on sitting, standing, and walking of six hours each out of an eight hour workday. (AR 41.) The ALJ also found that Plaintiff can occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds, and occasionally can stoop, kneel, crouch, and crawl. (AR 41.)

The ALJ's RFC is supported by the opinion of Plaintiff's treating orthopedic surgeon, Dr. Kambiz Hannani. (AR 42-45.) On January 28, 2013, Dr. Hannani indicated Plaintiff could return to modified work duties following his lumbar decompression, but "patient is limited to no lifting greater than 25 pounds; patient is limited to no frequent bending or stooping." (AR 464.) Dr. Hannani also prepared a Comprehensive Workers' Compensation Maximum Medical Improvement Report dated July 11, 2013. (AR 42-43, 431-33.) Plaintiff had decreased range of motion of the lumbar spine, straight leg testing caused low back pain and reflex was down. (AR 43.) The lower extremity neurologic exam, however, was generally unremarkable with normal motor strength bilaterally and intact sensation. (AR 43.) Dr. Hannani opined that Plaintiff had reached maximum medical improvement. (AR 43.) Dr. Hannani's RFC

assessment was, "The patient is NOT capable of performing his usual and customary duties. He will be limited to no lifting greater than 25 pounds, no frequent bending and/or stooping." (AR 43, 433.) Dr. Hannani also provided a Musculoskeletal questionnaire on June 30, 2014, indicating Plaintiff had spinal tenderness but intact reflexes, normal motor strength of 5/5 active movement against full resistance without fatigue and no atrophy, and no upper extremity pain. (AR 43, 396.) Plaintiff did not medically require an assistive device for standing or walking. (AR 43.)

The ALJ gave great weight to Dr. Hannani's opinion because he has been Plaintiff's primary treating source and his opinion is generally consistent with the ALJ's RFC. (AR 45.) 20 C.F.R. § 1527(c)(2) ("Generally, we give more weight to medical opinions from your treating sources . . ."). The ALJ also found that Dr. Hannani's opinion that Plaintiff is limited to lifting no more than 25 pounds and no frequent bending or stooping is consistent with the "unremarkable" neurological findings in the record. (AR 45.) The ALJ gave partial weight to Dr. Hannani's Musculoskeletal questionnaire because it lacked specific function by function limitations, but the objective findings noted on the Questionnaire showed no significant neurological abnormalities. (AR 45.)

State agency reviewing physicians Dr. Chan and Dr. Bayar also assessed Plaintiff with a light work RFC with similar limitations to those imposed by Dr. Hannani. (AR 46, 86, 98-99.) The ALJ gave these opinions partial weight. (AR 46.) The ALJ's RFC, then, is supported by the opinions of Dr. Hannani, Dr. Chan and Dr. Bayar.[1]

Plaintiff relies on examining physician Dr. Lincoln Yee, also an orthopedic surgeon, who provided a QME dated June 15, 2016. (AR 44, 1062-1088.) Dr. Yee opined that Plaintiff was precluded from any heavy lifting, repetitive bending, twisting, and turning and from prolonged

---

[1] The ALJ gave little weight to the opinions of workers' compensation physicians that Plaintiff was temporarily totally disabled, noting that workers' compensation disability is based on a claimant's inability to perform his prior work while Social Security disability is based on a claimant's inability to perform other work in the national economy. See Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984); Silva v. Colvin, 2013 WL 6859263*5 (C.D. Cal.) Plaintiff does not contest the ALJ's accordance of little weight to the opinions of those workers' compensation physicians.

8

sitting in on fixed positions and no prolonged weight bearing, "in essence limited to semi-sedentary work activity." (AR 44, 1073-1085.) He also was to avoid any repetitive axial loading to the lumbar spine. (AR 44.)

The ALJ gave only partial weight to Dr. Yee's more restrictive RFC assessment. (AR 45.) The ALJ noted that Dr. Hannani is a treating physician and Dr. Yee is an examining physician. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) ("the opinion of a treating physician is . . . entitled to greater weight than that of an examining physician"). The contradictory opinions of other physicians, moreover, provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff focuses primarily on the medical opinion evidence, but the ALJ also found that Dr. Hannani's opinion was more consistent with the record as a whole. (AR 45.) The ALJ gave exhaustive attention to the objective medical evidence, which is inconsistent with claims of disabling impairment. (AR 42.) The ALJ found that clinical findings from examinations were mostly unremarkable. (AR 43.) Although there was minimal tenderness to palpation over the paraspinal muscles and decreased range of motion of the lumbar spine, Plaintiff has had a normal gait and has been able to walk without difficulty. (AR 43, 44, 45, 40.) He does not medically need any assistive device for standing or walking. (AR 45.) Straight leg raising tests have been consistently negative. (AR 43.) Lower extremity neurological exams were also consistently normal with intact sensation, normal reflexes, and normal motor strength of 5/5 bilaterally. (AR 43, 45.) Plaintiff did undergo a lumbar decompression but the surgery was generally successful in improving his radiculopathy symptoms as detailed in the objective medical evidence described above. (AR 44.) Plaintiff does not address the considerable objective medical evidence that is consistent with Dr. Hannani's RFC, and inconsistent with Dr. Yee's opinion. (AR 45.) See 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that opinion.").

The ALJ, moreover, found that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence discussed above and other evidence of record. (AR 41.) In evaluating a claimant's subjective symptom allegations, an ALJ may consider

whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptoms. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). An ALJ also may consider whether a claimant's daily activities are inconsistent with disabling limitations. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Here, the ALJ found that Plaintiff is independent with respect to personal care, drives daily, goes out alone, takes his children to school regularly, does light household chores, cooks, shops, and manages his finances. (AR 39, 41.) These daily activities, which are somewhat normal, are not as limited as one would expect in view of Plaintiff's complaints. (AR 45.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. Plaintiff does not address the ALJ's finding that Plaintiff's subjective symptom allegations are inconsistent with his daily activities.

Plaintiff asserts that Dr. Hannani adopted Dr. Yee's QME opinion, including Dr. Yee's limitations in lifting, prolonged sitting, standing, twisting, turning, and axial loading. Plaintiff further asserts that the ALJ erred in failing to articulate sufficient reasons for rejecting Dr. Yee's RFC limitations claimed to have been adopted by Dr. Hannani. The simple answer to Plaintiff's assertion is that the ALJ rejected Dr. Yee's limitations inconsistent with the RFC, whether or not adopted by Dr. Hannani. The ALJ did so based on substantial evidence, including the objective medical evidence and inconsistent daily activities described above, which Plaintiff never addressed or challenged.

Plaintiff also claims that the ALJ erred in failing to translate Dr. Yee's opinion from workers' compensation terminology. An ALJ may not disregard a workers' compensation opinion. Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002). The ALJ did not disregard Dr. Yee's workers' compensation opinion. Plaintiff notes that with Dr. Yee's semi-sedentary RFC he would not be able to perform the standing/walking requirements of sedentary work, but the ALJ rejected Dr. Yee's semi-sedentary RFC. The same is true of Dr. Yee's preclusion from repetitive bending, twisting, and turning activities or axial loading of the lumbar spine. The ALJ rejected these limitations in his RFC. The ALJ's rejection of Dr. Yee's

more restrictive limitations is supported by the objective medical evidence described above and Plaintiff's inconsistent daily activities, which Plaintiff never discussed or addressed. Any error in not explicitly translating Dr. Yee's RFC limitations is harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

Plaintiff disagrees with the ALJ's assessment of Dr. Yee's opinion, but it is the the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Yee to the extent inconsistent with the ALJ's RFC for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: October 10, 2019  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE